# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SUNGARD FINANCIAL SYSTEMS INC. | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-CV-4332 |
| v. | : | |
| J.B. OXFORD & COMPANY | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Plaintiff's Motion to Dismiss Defendant's Counterclaim, and Defendant's response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED.  Defendant's Counterclaim is dismissed with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD FINANCIAL SYSTEMS INC. : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 02-CV-4332 |
| : | |
| v. : | |
| : | |
| J.B. OXFORD & COMPANY : | **JURY TRIAL DEMANDED** |
| : | |
| Defendant. : | |

**PLAINTIFF SUNGARD FINANCIAL SYSTEMS INC.'S
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiff SunGard Financial Systems Inc. ("SunGard"), by its undersigned attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court for entry of an Order dismissing the Counterclaim filed by Defendant J.B. Oxford & Company ("Oxford").

The grounds for this motion are more fully set forth in the Memorandum of Law in Support of SunGard's Motion to Dismiss Oxford's Counterclaim, which is filed contemporaneously herewith.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP

By: _____
James T. Smith, Esquire
Michael E. Adler, Esquire
One Logan Square
Philadelphia, PA 19103
215-569-5500

*Attorneys for Plaintiff SunGard Financial Systems Inc.*

Dated: October 28, 2002

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD FINANCIAL SYSTEMS INC. : | |
| Plaintiff, : | CIVIL ACTION NO. 02-CV-4332 |
| v. : | |
| J.B. OXFORD & COMPANY : | **JURY TRIAL DEMANDED** |
| Defendant. : | |

**PLAINTIFF SUNGARD FINANCIAL SYSTEMS INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff SunGard Financial Systems Inc. ("SunGard"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Defendant J.B. Oxford & Company's ("Oxford") Counterclaim, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

As an obvious knee-jerk reaction to SunGard's claims for, among other things, breach of contract, Oxford has attempted to mount an offense through a counterclaim which can best be described as feeble and untenable. Admitting that a contract with SunGard does exist, Oxford has filed a one count counterclaim contending that SunGard fraudulently induced Oxford into the contract through a series of alleged misrepresentations prior to the execution of the contract. There are insurmountable problems with the claim: (i) it is plainly barred by the economic loss

doctrine and (ii) it is based upon alleged misrepresentations barred by the parol evidence rule – the contract between the parties contains a comprehensive integration clause and none of the alleged misrepresentations are set forth in the written contract. In addition to these infirmities, the counterclaim lacks the specificity required by Rule 9(b). Accordingly, for any and all of these reasons, the counterclaim should be dismissed forthwith and with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The genesis of this dispute dates back to 1999 when Oxford[1] allegedly identified a need to upgrade its computerized online brokerage systems to enable it to better meet its customers' needs and expectations, to improve profitability, and to be a leading online broker. Id. at ¶ 39. Oxford alleges that SunGard[2] demonstrated the capabilities of its Phase3 System, and orally and in writing represented that the Phase3 System would be tailored to meet Oxford's needs. Id. at ¶ 40. Oxford further alleges, without the requisite specificity, that SunGard made "detailed and comprehensive oral and written representations" that the Phase3 System would meet Oxford's business requirements. Id. at ¶ 42. According to the Counterclaim, SunGard orally represented to Oxford that it could design and install a system by September 20, 2000, the date on which Oxford could convert from its existing system to the SunGard

---

[1] Oxford is a California corporation in the brokerage business with its headquarters and principal place of business in Beverly Hills, California. See Counterclaim at ¶¶ 33, 37.

[2] SunGard is a Delaware corporation in the software business having its principal place of business in Massachusetts. Id. at 34, 38.

2

system (the "Conversion Date"). Id. at ¶ 43. In reliance upon SunGard's "oral" representations, Oxford executed the Agreement. Id. at ¶ 46.

Pursuant to the terms of the Agreement and in consideration for SunGard's efforts, Oxford agreed to pay SunGard specified amounts for SunGard's initial implementation support and training, in addition to a monthly trading fee of a minimum of $125,000 which commenced on the first month after Oxford converted to the Phase3 System. See Complaint at ¶ 11; Agreement, Schedule C1. The Agreement also set forth the respective obligations and limitations on liabilities between the parties. In this regard, section 6 of the Agreement, entitled "Warranties and Limitations," provides as follows:

> SunGard shall use reasonable care in processing all work transmitted to it by Customer. SunGard shall have no liability under this Section 6.1 unless, within forty-five (45) days after the applicable date of service, SunGard receives notice from Customer (in accordance with Section 9.1) describing a material processing error caused by SunGard's failure to use reasonable care, together with adequate supporting documentation and data. Upon receipt of any such notice, SunGard's only obligation under this Section 6.1 is to correct the error and redo the work affected as soon as reasonably practical at no additional charge, or at SunGard's option, to refund or credit the charges applicable to work affected.

See Agreement, Section 6.1 (Exhibit A to the Complaint). Section 6.7 further provides, in relevant part:

> EXCEPT AS EXPRESSLY STATED IN THIS AGREEMENT, SUNGARD MAKES NO REPRESENTATIONS OR WARRANTIES, ORAL OR WRITTEN, EXPRESSED OR IMPLIED, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, REGARDING THE SYSTEM, THE SYSTEM SERVICES OR ANY OTHER MATTER PERTAINING TO THIS AGREEMENT.

3

See Agreement, Section 6.7, Exhibit A.  Moreover, Section 6.8 provides for a plain exclusion of consequential damages, such as the type sought here by Oxford:

> . . . UNDER NO CIRCUMSTANCES SHALL SUNGARD BE LIABLE TO CUSTOMER OR ANY OTHER PERSON FOR LOST REVENUES, LOST PROFITS, LOSS OF BUSINESS, OR ANY INDIRECT OR CONSEQUENTIAL DAMAGES OF ANY NATURE, WHETHER OR NOT FORESEEABLE.

See Agreement, Section 6.8, Exhibit A.

After this Agreement was executed, Oxford alleges that the system provided by SunGard "was never functional as promised, and the components of the system that were made functional and implemented did not perform as represented." Id. at ¶ 47. After SunGard filed suit for failure to make the required payments under the Agreement, the instant Counterclaim ensued.

## ARGUMENT

Pursuant to FED. R. CIV. P. 12(b)(6) the "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved *consistent with the allegations.*" Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)) (emphasis added); accord quoting Maple Lanes, Inc. v. Messer, 186 F.3d 823, 824-25 (7th Cir. 1999); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250 (3d Cir. 1994).  Courts have held that "[t]he purpose of a 12(b)(6) motion is to test the legal sufficiency of a complaint." Winterberg v. CNA Ins. Co., 868 F. Supp. 713, 717 (E.D. Pa. 1994).

There is little doubt that Rule 12(b)(6) was designed to dispose of claims like the one asserted by Oxford here.  As set forth below, Oxford's counterclaim for misrepresentation must be dismissed for three reasons: (1) the economic loss rule bars a claim for fraud or misrepresentation because a written contract exists between the parties; (2) the parol evidence rule bars Oxford from relying upon alleged fraudulent misrepresentations or omissions made prior to the execution of, but not incorporated into, the Agreement; and (3) the fraud claim is not stated with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  For these reasons and as explained more fully below, Oxford's Counterclaim is legally insufficient to state a cognizable claim and must be dismissed.

  A. **Because a Contract Exists Between SunGard and Oxford, the Economic Loss Doctrine Bars the Fraud Claim.**

The economic loss doctrine bars tort claims that are rooted in contract. <u>East River Steamship Corp. v. Transamerica Delaval, Inc</u>., 476 U.S. 858, 869-76 (1986) (noting that allowing recovery in tort for purely economic damages "fails to account for the need to keep [tort law] and contract law in separate spheres and to maintain a realistic limitation on damages.").  The rationale for this rule is that tort law was not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement.  See <u>Sun Co., Inc. v. Badger Design & Constructors, Inc.</u>, 939 F. Supp. 365, 371 (E.D. Pa. 1996) (quoting <u>Palco Linings, Inc. v. Pavex, Inc.</u>, 755 F. Supp. 1269, 1271 (M.D. Pa. 1990)).  Unless there is a physical injury or damage to property, the contracting parties' remedies are limited to the contractual benefit of

5

their bargain and cannot be recovered in tort.  East River Steamship Corp., 476 U.S. at 871-75.  Moreover, parties engaging in contractual negotiations have the ability to protect themselves through the contractual language.  Duquesne Light Co. v. Westinghouse Electric Corp., 66 F.3d 604, 620 (3d Cir. 1995).

Here, Oxford's alleged misrepresentation counterclaim is barred as a matter of Pennsylvania law by the "economic loss doctrine."  Palco Linings, Inc., 755 F. Supp. at 1273 ("economic losses are not recoverable in tort under Pennsylvania law."); see also Duquesne Light Co., 66 F.3d at 620 (quoting Eagle Traffic Control v. Addco, 882 F. Supp. 417, 419 (E.D. Pa. 1995)) (declaring that Pennsylvania has not carved out an exception to the economic loss doctrine for claims of negligent misrepresentations).

In this action, the respective interests of the parties are clearly governed by the terms of the Agreement.  Hence, Oxford's misrepresentation counterclaim is simply an effort to blur the distinction between contract and tort law, and avoid the limiting language in the Agreement between the parties.  Accordingly, given the clear and controlling law in Pennsylvania precluding the recovery of purely economic losses in tort, Oxford's misrepresentation claim should be dismissed.

### B.  The Parol Evidence Rule Also Bars Oxford's Counterclaim.

The parol evidence rule under Pennsylvania law[3] provides that where parties to an agreement adopt a writing as the final and complete expression of their agreement,

---

[3] Under the Governing Law provision in Section 9.11, the parties have agreed that the Agreement shall be "construed and enforced in accordance with the laws of the Commonwealth of

6

evidence of negotiations leading to the formation of the agreement are inadmissible to show an intent at variance with the language of the written agreement. See McGuire v. Schneider, Inc., 534 A.2d 115, 368 Pa. Super. 344 (1987). "Alleged prior or contemporaneous oral representations or agreements concerning subjects that are specifically dealt with in the written contract are merged in or superseded by that contract." Id. at 349, quoting Bardwell v. Willis Company, 100 A.2d 102, 104, 375 Pa. 503, 507 (1953). With regard to an integration clause, "the effect of an integration clause is to make the parol evidence rule particularly applicable. Thus, the written contract, if unambiguous, must be held to express all of the negotiations, conversations, and agreements made prior to its execution, and neither oral testimony, nor prior written agreements, or other writings are admissible to explain or vary the terms of the contract." Id. (citations omitted).

In other words, "where parties have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. . . *all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract. . . .*" Scott v. Bryn Mawr, 454 Pa. 304, 312 A.2d 592, 594 (1973) (emphasis added) (quoting Gianni v. R. Russell & Co., 281 Pa. 320, 126 A. 791 (1924) (citations omitted)); see also Ruffing v. 84 Lumber Co., 600 A.2d 545, 547, 410 Pa. Super. 459, 464 (1992) (holding that "prior or

---

Pennsylvania excluding choice of law." See Agreement, Section 9.11, Exhibit "A" to the Complaint.

7

contemporaneous oral representations or agreements concerning subjects that are specifically dealt with in a written contract are merged in or superseded by the contract. An unambiguous written contract must be held to express all the negotiations, conversations, and agreements made prior to its execution; oral testimony, prior written agreements, and other writings are inadmissible to explain or vary the terms of the contract").

Courts have described the purpose of the parol evidence rule as to "preserve the integrity of written agreements by refusing to permit the contracting parties to attempt to alter the import of their contract through the use of contemporaneous oral declarations." Rose v. Food Fair Stores, Inc., 437 Pa. 117, 120-21, 262 A.2d 851, 853 (1970); see also Crompton-Richmond Co., Inc. -- Factors v. Smith, 253 F. Supp. 980 (E.D. Pa. 1966), aff'd, 392 F.2d 577 (3d Cir. 1967). The parol evidence rule applies if the writing represents the entire agreement between the parties.

Recently, a federal court applying Pennsylvania law dismissed a fraud claim because of the parol evidence rule. In Haymond v. Lundy, 2000 U.S. Dist. LEXIS 8585 (E.D. Pa. 2000), the court dismissed a claim of fraud based on a partnership agreement, holding that:

> The parol evidence rule bars evidence of alleged prior fraudulent misrepresentations or omissions; Lundy's fraud in the inducement and associated fraud claims cannot proceed as a matter of law because there was no actionable fraud as a matter of law.

Haymond, at *21 (dismissing fraud claim because of parol evidence rule). The court concluded that because a party is barred from using parol evidence to prove that it

8

was fraudulently induced to enter into a written agreement, a fraud claim based on prior fraudulent misrepresentations or omissions must be dismissed. See also Winters v. Investment Sav. Plan of Knight-Ridder, 174 F. Supp. 2d 259, 263 ("Here, plaintiff's argument that she was fraudulently induced into signing the agreement is barred by the parol evidence rule, and the Court cannot consider it").

While not easily discernible from the pleading, the essence of Oxford's alleged misrepresentations are found in the following paragraphs of the Counterclaim:

> 43. In order to further induce J.B. Oxford to purchase SunGard's Phase3 System, SunGard orally represented to J.B. Oxford that it could design and install a system by September 20, 2000, the date on which J.B. Oxford could convert from its existing system to the SunGard system ("Conversion Date"). SunGard understood that the September 20, 2000 Conversion Date was critical to J.B. Oxford's decision to enter into an agreement with SunGard and to purchase SunGard's software.
>
> * * *
>
> 45. J.B. Oxford reasonably relied on the representations set forth above and other oral representations by SunGard, including the representations that SunGard had a fully functional system similar to that needed by J.B. Oxford with another financial institution, in reaching its ultimate decision to purchase the SunGard Phase3 system and software applications and to use SunGard's consultants to design, install, and implement the system and train J.B. Oxford's personnel.

A careful review of the Agreement reveals that none of these alleged representations are found therein: there is no requirement to design and install a system by September 20, 2000 and there is no representation that SunGard provided a fully functional system to another financial institution. Simply put, the alleged representations are, at best, oral or written communications that were not

9

incorporated into the Agreement. Indeed, Oxford concedes as much in the Counterclaim by acknowledging that: "SunGard made these representations orally and in sales materials." See Counterclaim at ¶ 53.

The parol evidence rule was designed to defeat counterclaims like the one advanced by Oxford here inasmuch as Oxford is seeking to add terms and conditions to the contract which are not in the Agreement. Section 9.6 of the Agreement expressly prohibits this attempt by Oxford:

> **Entire Understanding.** This Agreement, which includes and incorporates the Software Schedules referred to herein, states the entire understanding between the parties with respect to its subject matter, **and supersedes all prior proposals, marketing materials, negotiations and other written or oral communications between the parties with respect to the subject matter of this Agreement.** Any written, printed or other materials which SunGard provides to Customer that are not included in the Documentation are provided on an "as is" basis, without warranty, and solely as an accommodation to Customer.

See Agreement, Section 9.6, Exhibit A to Complaint (emphasis added).

As in Haymond and Winters, this Court must dismiss Oxford's fraud counterclaim because the parol evidence rule bars Oxford from changing or adding terms and conditions to the Agreement, or from relying upon alleged representations or omissions prior to the execution of the Agreement. Accordingly, Oxford's counterclaim must be dismissed.

### C. The Counterclaim Also Fails to Comply With Federal Rule Of Civil Procedure 9(b) By Not Alleging Fraud With Particularity.

Rule 9(b) of the Federal Rules of Civil Procedure provides that "in all averments of fraud or mistake, the circumstances constituting fraud shall be stated

10

with particularity." Fed. R. Civ. P. 9(b)[4]. The particularity requirement of Rule 9(b) is designed to "place the defendants on notice of the precise misconduct with which they are charged. . ." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985); see also New England Data Services, Inc. v. Becher, 829 F.2d 286, 288 (1st Cir. 1987) ("The major purpose of Rule 9 is to give adequate notice of the plaintiff's claim of fraud."); New England Data Services, 829 F.2d at 288 (stating that "Rule 9 requires specification of the time, place, and content of an alleged false representation . . . ."), quoting McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980).

Oxford's counterclaim provides no precision or substantiation about the alleged fraud. The Counterclaim merely refers to "factual misrepresentations," but provides no factual allegations as required by the Rule. See Counterclaim at ¶¶ 53-58. Indeed, the Counterclaim does not state with specificity any particulars about the time, place and content of the allegedly false representations. Instead, Oxford simply alleges ambiguous "factual misrepresentations." Accordingly, this Counterclaim fails to provide the requisite specificity and should be dismissed.[5]

---

[4] Specifically, a party alleging fraud under Pennsylvania law must plead "(1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." Shapiro v. UJB Fin. Corp., 964 F. 2d 272, 284 (3d Cir.), cert. denied, 506 U.S. 934 (1992)).

[5] The law is well-settled that a Motion pursuant to Rule 12(b)(6) is the appropriate procedural vehicle for a party's failure to adhere to the requirements of Rule 9(b). See e.g. Moore's Federal Practice § 9.03 [5] at pp. 9-30.

## **CONCLUSION**

For the above reasons, SunGard respectfully requests that the Court grant its motion to dismiss Defendant's counterclaim with prejudice.

Dated: October 28, 2002         Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP

By: _____
James T. Smith, Esquire
Michael E. Adler, Esquire
One Logan Square
Philadelphia, PA 19103
215-569-5500

*Attorneys for Plaintiff SunGard Financial Systems Inc.*

# **CERTIFICATE OF SERVICE**

I, Michael E. Adler, Esquire hereby certify that a true and correct copy of Plaintiff SunGard Financial Systems Inc.'s Motion to Dismiss Defendant's Counterclaim, was hereby served this 28th day of October, 2002, via first class mail, postage pre-paid on the following:

> Mark S. Stewart, Esquire
> Ballard Spahr Andrews & Ingersoll, LLP
> 1735 Market Street, 51st Floor
> Philadelphia, PA 19103-7599

_____
Michael E. Adler, Esquire