IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____   :
                                       :
SUNGARD FINANCIAL SYSTEMS INC.         :
                                       :
            Plaintiff,                 :   CIVIL ACTION NO. 02-CV-4332
                                       :
      v.                               :
                                       :
J.B. OXFORD & COMPANY                  :   **JURY TRIAL DEMANDED**
                                       :
            Defendant.                 :
_____    :

**PLAINTIFF SUNGARD FINANCIAL SYSTEMS INC.'S
ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff SunGard Financial Systems Inc. ("SunGard"), by its undersigned attorneys, for its answer to the Counterclaim filed by Defendant J.B. Oxford & Company ("Defendant"), states as follows:

**ANSWER TO COUNTERCLAIM**

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Denied. SunGard lacks information or knowledge to form a belief as to the truth or falsity of the allegations of this paragraph, and such allegations are therefore denied.

38. Admitted in part and denied in part. It is admitted that SunGard markets a proprietary system known as Phase3. The remaining allegations and characterizations are denied.

39. Denied. SunGard lacks information or knowledge to form a belief as to the truth or falsity of the allegations of this paragraph, and such allegations are therefore denied.

40. Admitted in part and denied in part. It is admitted that SunGard made demonstrations of the Phase3 System in 1999. The documents referred to in this paragraph speak for themselves and any characterization thereof is denied. Defendant's remaining allegations and characterizations of any discussion or demonstration are denied.

41. Admitted in part and denied in part. It is admitted that SunGard submitted a proposal to Defendant. The document referred to in this paragraph speaks for itself and any characterization thereof is denied.

42. Denied. The documents referred to in this paragraph speak for themselves and any characterization thereof is denied. Defendant's remaining representations and characterizations are denied.

43. Denied. SunGard lacks information or knowledge to form a belief as to the truth or falsity of the allegations of this paragraph, and such allegations are therefore denied.

44. Denied. SunGard lacks information or knowledge to form a belief as to the truth or falsity of the allegations of this paragraph, and such allegations are therefore denied.

45. Denied. SunGard lacks information or knowledge to form a belief as to the truth or falsity of the allegations of this paragraph, and such allegations are therefore denied.

46. Denied. Defendant refers to a document which speaks for itself and any characterization thereof is denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied. By way of further response, it is denied that Defendant sustained any damages.

51. Denied.

52. SunGard realleges and incorporates paragraphs 33 through 51 as if fully set forth herein.

53. Denied.

54. Denied.

090079.31202/21071850v1

55. Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required.

56. Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required.

57. Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, Defendant's allegations are denied.

58. Denied. By way of further response, it is denied that Defendant sustained any damages.

WHEREFORE, Plaintiff SunGard respectfully requests this Court enter judgment in its favor and against Defendant, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, and/or limited by the doctrine of set-off.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by the operation of the parol evidence rule.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by the operation of the economic loss doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's damages, if any, were caused in whole or in part by Defendant's own acts and/or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by its failure to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

Defendant's claims are barred in whole or in part by its prior material breach of the Agreement.

Dated: December 31, 2002	Respectfully submitted,

	BLANK ROME COMISKY & McCAULEY LLP

	            /s/ Michael E. Adler
	By: _____
	James T. Smith, Esquire
	Michael E. Adler, Esquire
	One Logan Square
	Philadelphia, PA 19103
	215-569-5500

	*Attorneys for Plaintiff SunGard Financial Systems Inc.*

## **CERTIFICATE OF SERVICE**

I, Michael E. Adler, Esquire hereby certify that a true and correct copy of Plaintiff SunGard Financial Systems Inc.'s Answer to Defendant's Counterclaim, was hereby served this 31st day of December, 2002, via first class mail, postage pre-paid on the following:

> Mark S. Stewart, Esquire
> Ballard Spahr Andrews & Ingersoll, LLP
> 1735 Market Street, 51st Floor
> Philadelphia, PA 19103-7599

/s/ Michael E. Adler
_____
Michael E. Adler, Esquire