IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD FINANCIAL SYSTEMS INC., | : |
| : | Civil Action |
| Plaintiff/Counterclaim Defendant, | : |
| : | |
| v. | : |
| : | No. 02-cv-04332 |
| J.B. OXFORD & COMPANY, | : |
| : | |
| Defendant/Counterclaim Plaintiff. | : |

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Plaintiff SunGard Financial Systems Inc. ("SunGard") and Defendant J.B. oxford & Company ("J.B. Oxford"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c)(7), respectfully move this Court for entry of a Stipulated Protective Order for the Protection and Exchange of Confidential Information in the form attached hereto.

The parties incorporate and rely upon the attached Memorandum of Law in support of this motion.

BLANK ROME LLP

*/s/ Rebecca D. Ward*

James T. Smith, Esq.
Rebecca D. Ward, Esq.
One Logan Square
Philadelphia, PA 19103
Telephone:   (215) 569-5500

Attorneys for Plaintiff
SunGard Financial Systems Inc.

BALLARD SPAHR ANDREWS & INGERSOLL LLP

*/s/ Mark S. Stewart*

Mark S. Stewart, Esq.
1735 Market Street
51st Floor
Philadelphia, PA 19103
Telephone:   (215) 665-8500

Attorneys for Defendant
J.B. Oxford & Company

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD FINANCIAL SYSTEMS INC., : | |
| : | Civil Action |
| Plaintiff/Counterclaim Defendant, : | |
| : | |
| v. : | |
| : | No. 02-cv-04332 |
| J.B. OXFORD & COMPANY, : | |
| : | |
| Defendant/Counterclaim Plaintiff. : | |
| : | |

MEMORANDUM OF LAW IN SUPPORT OF JOINT
MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Plaintiff SunGard Financial Systems Inc. ("SunGard") and Defendant J.B. oxford & Company ("J.B. Oxford"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c)(7), respectfully submit this Memorandum of Law in Support of their Joint Motion for entry of a Stipulated Protective Order for the Protection and Exchange of Confidential Information. For the reasons set forth below, the Order should issue so that the parties may disclose to each other certain confidential, proprietary and/or trade secret information in response to their respective discovery requests without fear of waiving any proprietary or trade secret protections that may apply to that information.

## FACTUAL AND PROCEDURAL BACKGROUND

SunGard designs and implements proprietary computer application systems to provide clearance and settlement, accounting and operations workflow solutions for brokers/dealers. Phase3 is one of SunGard's proprietary software application systems and is designed to provide complete securities and clearance functionality for self-clearing brokers/dealers. Defendant J.B.

1

Oxford is in the business of providing discount and online securities brokerage, settlement and clearance, and investment services nationwide. SunGard and defendant executed a written agreement entitled "Remote Processing Agreement" ("Agreement"). SunGard contends that, under the Agreement, SunGard agreed to provide and defendant agreed to accept online processing, report services, and related services through the use of SunGard's proprietary Phase3 System.

The parties allege in their respective claims and counterclaims that certain misrepresentations were made: For example, SunGard alleges in part that J.B. Oxford misrepresented the volume of trade J.B. Oxford had experienced in the past and expected to experience in the future. J.B. Oxford, in turn, alleges in part that SunGard misrepresented the capabilities of its proprietary software system.[1] In light of these allegations, SunGard and J.B. Oxford have each served discovery requests in the form of Interrogatories and Requests to Produce that seek information relevant to these claims. That information includes, but is not limited to, SunGard's proprietary software and J.B. Oxford's internal records of its financial history and condition. The parties expect to continue to seek such information in subsequent written discovery and during witness depositions.

## ARGUMENT

The parties recognize and acknowledge that the claims and counterclaims in this case require each of them to produce information that they would otherwise zealously guard as proprietary and/or trade secrets. SunGard and J.B. Oxford wish to avoid burdening themselves

---

[1] Perhaps needless to say, SunGard and J.B. Oxford each deny the other's allegations. Such allegations are summarized in this memorandum of law merely to explain the background against which the parties seek entry of a Stipulated Protective Order.

2

and the Court with multiple motions for protective order, in response to each round of written discovery or each deposition. To that end, SunGard and J.B. Oxford have agreed upon the terms of a Stipulated Protective Order, with a two-tier confidentiality scheme and a mechanism by which the parties can, if necessary, challenge any designation and can reveal even the most protected information to corporate representatives, litigation consultants, expert witnesses, and the Court itself.

Such a Protective Order has previously been approved by this Court in cases involving SunGard's affiliate, SunGard Recovery Services LP, <u>SunGard Recovery Services LP v. Millennium Inorganic Chemicals, Inc.</u>, Civ. A. No. 02-00741 (the Honorable William H. Yohn, Jr., presiding) and <u>SunGard Recovery Services LP v. Value City Department Stores, Inc.</u>, Civ. A. No. 02-01917 (the Honorable Robert F. Kelly presiding). The parties respectfully ask that the Court enter the Stipulated Protective Order in this case.

A.  **This Court Has the Discretion Under Rule 26(c) to Enter the Requested Protective Order.**

Federal Rule of Civil Procedure 26(c) provides that this Court may make, "[u]pon motion by a party . . . any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." The Court may, in its discretion, enter such a protective order upon a showing of good cause, for which the movant bears the burden of persuasion. <u>Pansy v. Borough of Stroudsburg</u>, 23 F. 3d 772, 785-87 (3rd Cir. 1994); <u>Cipollone v. Liggett Group, Inc.</u>, 785 F. 2d 1108, 1121 (3rd Cir. 1986). "Good cause is established on a showing that

disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." Publicker Indus., Inc. v. Cohen, 733 F. 2d 1059, 1071 (3rd Cir. 1984) (citations omitted); Pansy, 23 F. 3d at 786. In determining whether good cause exists the Court must balance a party's need for the information against the resulting injury if disclosure is compelled. Id. at 787.

B.  **Good Cause Exists Here for Issuance of the Requested Protective Order.**

Good cause for an order exists in this case. Here, the key disputes turn upon the capabilities of SunGard's proprietary software and the accuracy of J.B. Oxford's internal confidential financial records as represented to SunGard. The parties do not seek protection for routine business information. Rather, the type of information at issue traditionally has been recognized as either a trade secret or a category of confidential business information. See, e.g., Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F. 3d 79, 107 (3d Cir. 2001)(financial/pricing information); Dynamic Microprocessor Associates v. EKD Computer Sales, 919 F. Supp. 101, 106 (E.D.N.Y. 1996) (computer software). Further, this is the type of information that the parties themselves take great steps to protect – for example, by including provisions in their own contract documents with each other requiring the parties to maintain the confidentiality of such information.

Thus, it is appropriate for this Court to exercise its discretion to enter a Protective Order, substantially in the form submitted by the parties, which permits the parties to proceed with discovery in an expedition manner without having to burden themselves or the Court with

separate motions for protective orders in response to different written discovery requests or deposition questions.

## CONCLUSION

For the foregoing reasons, Plaintiff SunGard Financial Systems Inc. and Defendant J.B. Oxford & Company respectfully ask that this Court enter the Stipulated Protective Order agreed upon by the parties.

| | |
|---|---|
| BLANK ROME LLP<br><br>*/s/ Rebecca D. Ward*<br>James T. Smith, Esq.<br>Rebecca D. Ward, Esq.<br>One Logan Square<br>Philadelphia, PA 19103<br>Telephone:   (215) 569-5500<br><br>Attorneys for Plaintiff<br>SunGard Financial Systems Inc. | BALLARD SPAHR ANDREWS & INGERSOLL LLP<br><br>*/s/ Mark*<br>Mark S. Stewart, Esq.<br>1735 Market Street<br>51st Floor<br>Philadelphia, PA 19103<br>Telephone:   (215) 665-8500<br><br>Attorneys for Defendant<br>J.B. Oxford & Company |

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD FINANCIAL SYSTEMS INC. : | Civil Action |
| Plaintiff/Counterclaim Defendant, : | |
| v. : | |
| : | No. 02-cv-04332 |
| J.B. OXFORD & COMPANY, : | |
| Defendant/Counterclaim Plaintiff. : | |

### STIPULATED ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

AND NOW, on this _____ day of _____, 2003 it is hereby ORDERED and DECREED by the Court, on the Joint Motion of all of the parties, as follows:

WHEREAS, the parties to the above-captioned Adversary Proceeding (the "Litigation") are engaged in discovery proceedings which may involve the production of certain information which the parties believe to be confidential and sensitive trade secrets and other non-public commercial and financial information;

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned attorneys for the respective parties hereto, subject to further Order of the Court, that:

1. In connection with discovery proceedings in this action, any party may, by written notice, or by a statement on the record at a deposition, designate any document, testimony, answer to interrogatories or other information or discovery material that the party in good faith believes to be confidential, commercial or financial information not previously made available to the public as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this

Protective Order. The provisions of this Protective Order also shall apply to any non-party who provides testimony, documents or information in such discovery proceedings and who agrees to be bound by the terms of this Protective Order. References to a "party" or "parties" herein shall also include such non-parties.

2. Any documents, material or information to be designated "Confidential" or "Confidential – Attorneys' Eyes Only" may be so designated by stamping the documents, material or information with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to their production. Stamping such a legend on the cover of any multi-page document shall not mean that the entire document is "Confidential" or "Confidential – Attorneys' Eyes Only." Rather, the producing party shall so designate all pages of such document that are "Confidential" or "Confidential – Attorneys' Eyes Only."

3. In the event counsel for the party receiving documents, material, or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" objects to such designation of any or all of such items, said counsel shall advise the party producing the items (the "producing party") of such objections and the reasons therefor. If the producing party objects to the proposed disclosure, all the items shall be treated as Confidential (or Confidential – Attorneys' Eyes Only if so designated) pending a resolution of the parties' dispute, and it shall be the obligation of the party receiving the items designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to obtain a prompt hearing before this Court with respect to the propriety of the designation. It shall be the burden of the producing party to justify to the Court the basis for the designation. In the event that the receiving party seeks such a hearing, the producing party will cooperate in obtaining a prompt hearing with respect thereto.

4.  If any party wishes to use or inquire at any deposition concerning documents, material, or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the portion of the deposition transcript which relates to such documents, material, or information shall be designated and treated as Confidential or Confidential – Attorneys' Eyes Only and subject to the confidentiality provisions hereof and such designation shall be made no later than ten (10) days after receipt of the deposition transcript.

5.  Documents or material (including portions of deposition transcripts) designated as "Confidential – Attorneys' Eyes Only," or information derived solely therefrom, may only be disclosed or made available by the party receiving such information to "Qualified Persons", who, in the case of documents, material or information designated as "Confidential –Attorneys' Eyes Only" are defined to consist solely of:

    (a)    the Court (at any trial or oral hearing and in the manner provided by paragraph 10 hereof)

    (b)    counsel (including "in-house" counsel) to the named parties to this action and the paralegal, clerical and secretarial staff employed by such counsel;

    (c)    court reporters;

    (d)    any witness during the course of that witness's deposition;

    (e)    experts and/or advisors consulted by the named parties or their counsel in connection with this action, whether or not retained to testify at trial; <u>provided</u> that prior to any such disclosure counsel for the party making the disclosure shall deliver a copy of this Protective Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert and/or advisor on a letter in the form attached hereto as Exhibit A. It shall be the further obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any expert and/or advisor, promptly to notify opposing counsel of such breach or threatened breach;

  (f)  two corporate representatives selected by the corporate parties to this litigation;

  (g)  any other person as to whom the producing party agrees in writing prior to disclosure.

6. Documents or material (including portions of deposition transcripts) designated as "Confidential" or information derived solely therefrom may only be disclosed or made available by the party receiving such information to "Qualified Persons," who in the case of documents, material or information designated as "Confidential," are defined to consist solely of:

  (a)  The Court (at any trial or oral hearing and in the manner provided by paragraph 10 hereof)

  (b)  The named parties to this action, which in the case of corporate parties shall be limited to those officers, directors, and employees of such corporate parties deemed necessary to aid counsel in the prosecution and defense of this action;

  (c)  Counsel (including "in-house" counsel) to the named parties to this action and the paralegal, clerical, and secretarial staff employed by such counsel;

  (d)  Court reporters;

  (e)  Witnesses at any deposition in this action;

  (f)  experts and/or advisors consulted by the named parties or their counsel in connection with this action, whether or not retained to testify at trial; <u>provided</u> that prior to any such disclosure counsel for the party making the disclosure shall deliver a copy of this Protective Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert and/or advisor on a letter in the form attached hereto as Exhibit A. It shall be the further obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any expert and/or advisor, promptly to notify opposing counsel of such breach or threatened breach;

  (g)  Any other person as to whom the producing party agrees in writing prior to disclosure.

4

7.  Documents and materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only," or information derived solely therefrom, shall be used by the person receiving them only for the purposes of preparing for and conducting this action.

8.  Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained lawfully by such party or witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained through discovery proceedings in this action.

9.  If documents and material (including portions of deposition transcripts) designated as "Confidential" or "Confidential – Attorneys' Eyes Only," or information derived solely therefrom, are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" and filed under seal and kept under seal until further Order of the Court.

10. Each non-lawyer given access to documents, material or information designated "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms hereof shall be advised that the documents, material, or information are being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

11. Complying with the terms of this Protective Order shall not: (a) operate as an admission by any party that any particular documents, material, or information contain or reflect currently valuable proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular documents, item of material, or piece of information should be subject to the terms of this Protective Order; or (ii) to seek relief on appropriate notice from any provision(s) of this Protective Order, either generally or as to any particular documents, item of material, or piece of information.

12. Upon termination of this action, including all appeals, the parties shall return to counsel for the producing party all documents or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies thereof (except that outside counsel for each party may maintain in its files pleadings, briefs and other documents filed with the Court and deposition transcripts and exhibits, provided that all such documents otherwise remain subject to the terms of this Protective Order), or the parties may agree upon appropriate methods of destruction. Notwithstanding the foregoing, to the extent that documents reflecting attorney work-product contain material or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only," counsel in possession of such documents may, in lieu of returning them to the producing party, certify in writing to the producing party that such documents have been destroyed.

13. Nothing in this Protective Order shall be construed to prohibit a party from producing documents, material, or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in its possession pursuant to a subpoena or other legal process <u>provided that</u>, the party in possession of such documents, materials, or information, if subpoenaed, shall give notice of such subpoena to the originally producing party as soon as possible and, in any event within five days after receiving such subpoena. The subpoenaed party shall not produce any of the producing party's "Confidential" or "Confidential – Attorneys' Eyes Only" documents, material or information for a period of at least five days after providing the required notice to the producing party. If, within five days of receiving such notice, the producing party opposes production of its "Confidential" or "Confidential – Attorneys' Eyes Only" documents, material or information pursuant to the subpoena, the subpoenaed party shall reasonably cooperate with the producing party in seeking to quash such subpoena and shall not thereafter produce such documents, material or information pursuant to the subpoena except pursuant to a court order requiring compliance with the subpoena.

14. All discovery material in this action, including documents, material and information designated as "Confidential" or "Confidential – Attorneys' Eyes Only," may be used by the parties in this action, subject to the rights of any party to raise any other objections to the use of such discovery material.

15. The parties will jointly seek the approval of the Court with respect to this Stipulation and Order. Notwithstanding the pendency of approval by the Court, this Stipulation and Order shall become effective immediately upon execution by the parties. If approval by the Court is ultimately denied, no party shall treat any documents, material or information

designated Confidential or Confidential-Attorneys' Eyes Only that was produced prior to that time other than as provided herein.

| | |
|---|---|
| BLANK ROME LLP | BALLARD SPAHR ANDREWS & INGERSOLL, LLP |
| *Rebecca D. Ward* | *Mark S. Stewart* |
| James T. Smith, Esq.<br>Rebecca D. Ward, Esq.<br>Michael Adler, Esq.<br>One Logan Square<br>Philadelphia, PA 19103<br>Telephone:   (215) 569-5500 | Mark S. Stewart, Esq.<br>1735 Market Street<br>51st Floor<br>Philadelphia, PA 19103-7599<br>Telephone:   (215) 665-8500 |
| | SHUMAKER, LOOP & KENDRICK LLP<br>C. Philip Campbell, Jr.<br>101 E. Kennedy Blvd., Suite 2800<br>Tampa, FL 33602<br>Telephone:   (813) 229-7600 |
| Attorneys for Plaintiff<br>SunGard Financial Systems Inc. | Attorneys for Defendant<br>J.B. Oxford & Company |

SO ORDERED BY THE COURT ON

THIS _____ DAY OF _____, 2003.

8
090079.31202/21134132v1

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD FINANCIAL SYSTEMS INC., : <br> : <br> Plaintiff/Counterclaim Defendant, : <br> : <br> v. : <br> : <br> J.B. Oxford & Company, : <br> : <br> Defendant/Counterclaim Plaintiff. : <br> : | Civil Action <br><br> No. 02-cv-04332 |

## LIMITED SPECIAL APPEARANCE AND AGREEMENT
## FOR ACCESS TO CONFIDENTIAL DOCUMENTS AND INFORMATION

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order entered by the Court in the above-captioned matter on the _____ day of _____, 2003. I understand the terms of the Court's Order and under oath consent to be bound by the terms of the Court's Order as a condition to being provided access to confidential documents and information furnished by _____. By executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Court's Protective Order.

I hereby declare under the penalty of perjury under the laws of the United States of America that the above statements are true and correct.

Dated:_____     By: _____

Name: _____

Title: _____

Affiliation: _____

Address: _____

9