IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD FINANCIAL SYSTEMS INC., | : |
| Plaintiff/Counterclaim Defendant, | : Civil Action |
| v. | : |
| J.B. OXFORD & COMPANY, | : No. 02-cv-04332 |
| Defendant/Counterclaim Defendant. | : |

**JOINT MOTION FOR ENTRY OF STIPULATED ORDER FOR
SETTLEMENT AGREEMENT AND MUTUAL RELEASES, FOR REFERRAL
TO THE CIVIL SUSPENSE DOCKET PENDING OUTCOME OF
SETTLEMENT, AND TO PLACE STIPULATED ORDER UNDER SEAL**

Plaintiff/Counterclaim Defendant SunGard Financial Systems Inc. ("SunGard"), and Defendant/Counterclaim Plaintiff J.B. Oxford & Company ("JBOC"), by and through their undersigned counsel, respectfully move this Court for (a) entry of a Stipulated Order for Settlement Agreement and Mutual Releases (which has been separately submitted to the Court for in camera review); (b) referral of this matter to the civil suspense docket pending the parties' completion of the terms of the settlement; and (c) entry of an Order placing the terms of the settlement under seal, in the proposed form attached to this motion.

SunGard and JBOC incorporate the memorandum of law attached hereto.

_____
James T. Smith, Esq.
Rebecca D. Ward, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
Telephone:   215-569-5500

*Attorneys for SunGard Financial Systems Inc.*

Dated: January 13, 2004

with permission – Mark Stewart (JTS)
_____
Mark S. Stewart, Esq.
Ballard Spahr Andrews & Ingersoll LP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:  215-864-8225
          and
C. Philip Campbell, Jr., Esq.
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Blvd., Suite 2800
Tampa, FL 33602
Telephone:  813-229-7600

*Attorneys for J.B. Oxford & Company*

090079.31202/21225282v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNGARD FINANCIAL SYSTEMS INC., : <br> : <br> Plaintiff/Counterclaim Defendant, : <br> : <br> v. : <br> : <br> J.B. OXFORD & COMPANY, : <br> : <br> Defendant/Counterclaim Defendant. : <br> : | Civil Action <br><br> No. 02-cv-04332 |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR ENTRY OF STIPULATED ORDER FOR SETTLEMENT
AGREEMENT AND MUTUAL RELEASES, FOR REFERRAL
TO THE CIVIL SUSPENSE DOCKET PENDING OUTCOME OF
SETTLEMENT, AND TO PLACE STIPULATED ORDER UNDER SEAL**

Plaintiff/Counterclaim Defendant SunGard Financial Systems Inc. ("SunGard") and Defendant/Counterclaim Plaintiff J.B. Oxford & Company ("JBOC"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their Joint Motion to the Court for (a) entry of a Stipulated Order for Settlement Agreement and Mutual Releases (which has been separately submitted to the Court for *in camera* review); (b) referral to the civil suspense docket pending the parties' completion to the terms of the settlement; and (c) entry of an Order placing the terms of the settlement under seal.

For the reasons set forth below, the requested relief should be granted.

## SUMMARY OF FACTUAL AND PROCEDURAL BACKGROUND

SunGard designs and implements proprietary computer application systems to provide clearance and settlement, accounting and operations workflow solutions for brokers/dealers. Phase3 is one of SunGard's proprietary software application systems and is

designed to provide complete securities and clearance functionality for self-clearing brokers/dealers. JBOC is in the business of providing discount and online securities brokerage, settlement and clearance, and investment services nationwide. In January 2000, SunGard and JBOC executed a written agreement entitled "Remote Processing Agreement" ("Agreement") whereby SunGard agreed to provide and defendant agreed to accept online processing, report services, and related services through the use of SunGard's proprietary Phase3 System. SunGard initiated this action to recover money that it alleged was due and owing from JBOC under that contract. JBOC filed a counterclaim for damages for negligent and intentional misrepresentation, alleging that SunGard misrepresented the functionality of the Phase3 software system.

The parties denied each other's respective claims and commenced discovery. Thereafter, at the parties' mutual consent, this matter was referred to the Honorable James R. Melinson, Chief Magistrate Judge, for purposes of settlement discussions. Those discussions have resulted in a settlement agreement and mutual release and the execution of a new contract between SunGard and JBOC, both of which have been separately submitted to the Court for *in camera* review. Due to the nature of the settlement and the need for future actions to be taken to accomplish the purpose of the settlement, the parties ask that the Court enter the settlement as a stipulated order and transfer the matter to the civil suspense docket, that Judge Melinson continue to supervise this matter as the parties carry out the terms of the settlement, and that the terms of the settlement and the new contract be placed under seal.

2

## **ARGUMENT**

A. **This Matter Should Be Placed on the Civil Suspense Docket, With Continued Supervision By the Magistrate Judge, Pending Fulfillment of the Terms of the Settlement.**

Under Local Rule 41.1(b), ordinarily when the parties reach a settlement, the Court may enter an order dismissing a matter with prejudice even before the settlement and releases have been drafted and executed. If, in fact, the settlement falls through, the parties may thereafter move within 90 days of the dismissal to reinstate the action. Local Rule 41.1(b). Such a resolution is not appropriate for this case: The settlement and releases are contingent upon a successful conversion by JBOC to SunGard's Phase3 software system on or before July 31, 2004 and continued operations for six months thereafter – well beyond the 90-day period for vacating or modifying a Local Rule 41.1(b) dismissal. Further, due to the nature of the parties' contract and changing business circumstances, the parties acknowledge that even under the best of circumstances the July 31st date may be extended by mutual agreement. For these reasons, rather than dismissal under Local Rule 41.1(b), the parties jointly request that this matter be placed upon the civil suspense docket pending fulfillment of the terms of the Settlement Agreement and the accomplishment of the conditions for the Mutual Releases.

The parties also respectfully request that Chief Magistrate Judge James R. Melinson continue to supervise the parties' fulfillment of the terms of the Settlement Agreement, to receive periodic reports from counsel regarding the parties' progress under the Settlement, and to insure compliance with the Settlement until the matter is ultimately dismissed upon a successful conversion and fulfillment of the parties' new contract.

3

**B.    The Settlement Agreement and the New Contract Should Be Placed Under Seal.**

   **1.    This Court has the discretion under Rule 26(c) to place the Settlement Agreement and new contract under seal.**

Federal Rule of Civil Procedure 26(c) provides that this Court may make, "[u]pon motion by a party . . . any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." The Court may, in its discretion, enter such a protective order upon a showing of good cause, for which the movant bears the burden of persuasion. Pansy v. Borough of Stroudsburg, 23 F. 3d 772, 785-87 (3d Cir. 1994); Cipollone v. Liggett Group, Inc., 785 F. 2d 1108, 1121 (3d Cir. 1986). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." Publicker Indus., Inc. v. Cohen, 733 F. 2d 1059, 1071 (3d Cir. 1984) (citations omitted); Pansy, 23 F. 3d at 786. In determining whether good cause exists the Court must balance a party's need for the information against the resulting injury if disclosure is compelled. Id. at 787. "If a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." Pansy, 23 F.3d at 788.

   **2.    Good cause exists for placing these documents under seal.**

Good cause for an order exists in this case, because the parties do not seek protection for routine business information. Rather, the type of pricing and other business information at issue traditionally has been recognized as either a trade secret or a category of confidential

4

business information. See, e.g., Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F. 3d 79, 107 (3d Cir. 2001). The United States District Court for the Eastern District of Pennsylvania has recognized that "customer lists, costing and pricing plans, business plans, marketing strategies, financial projections and terms of customer accounts including contract expiration dates may qualify as trade secrets." Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., Civ. A. No. 95-1698, 1995 WL 455969, *8 (E.D. Pa. July 27, 1995); see also BIEC Int'l, Inc. v. Global Steel Servs., Ltd., 791 F. Supp. 489, 546 (E.D. Pa. 1992) (applying Pennsylvania law and recognizing trade secret protection for terms contained in licensing agreements); Alexander & Alexander, Inc. v. Drayton, 378 F. Supp. 824, 833 (E.D. Pa.), aff'd, 505 F.2d 729 (3d Cir. 1974) (affording trade secret protection to terms of customer accounts). Similarly, the Eastern District has held that trade secret protection "has been extended to certain business and marketing information including the costing and pricing information of an employer's product or services, . . . and the terms of specific customer accounts including contract expiration dates and revenues generated." BIEC Int'l, 791 F. Supp. at 545 (applying Pennsylvania law); see also SI Handling, 753 F.2d at 1260 (recognizing that cost and pricing information may constitute trade secrets).

So too, the terms of SunGard's contracts with its customers such as the new contract here with JBOC, including but not limited to SunGard's pricing and JBOC's own business needs, constitute confidential and protectable trade secrets that warrant filing under seal. In fact, SunGard's contracts – including this one – routinely contain a section nearly two pages in length governing the confidentiality of information exchanged by the parties. Thus, it is appropriate for this Court to exercise its discretion to place the Settlement Agreement and

Mutual Release, with the new contract attached as an exhibit, under seal so as to permit implementation of the settlement agreement in this case, as well as preserve the confidentiality of SunGard's and JBOC's pricing and other business information in question.

## CONCLUSION

For the foregoing reasons, SunGard Financial Systems Inc. and J.B. Oxford & Company respectfully ask that this Court:

(a) enter the Stipulated Settlement and Mutual Releases;

(b) place this matter upon the civil suspense docket;

(c) continue the referral to the Honorable James R. Melinson for purposes of supervising performance of, and receiving periodic reports from the parties regarding progress under, the terms of the settlement; and

(d) place the Stipulated Settlement and the new contract attached as an exhibit thereto under seal.

Respectfully submitted,                          Respectfully submitted,

_____                  with permission Mark Stewart (jts)
James T. Smith, Esq.                             Mark S. Stewart, Esq.
Rebecca D. Ward, Esq.                            Ballard Spahr Andrews & Ingersoll LLP
Blank Rome LLP                                   1735 Market Street, 51st Floor
One Logan Square                                 Philadelphia, PA 19103
Philadelphia, PA 19103                           Telephone: 215-864-8225
Telephone:   215-569-5500                                   and
                                                 C. Philip Campbell, Jr., Esq.
*Attorneys for SunGard Financial Systems Inc.*   Shumaker, Loop & Kendrick, LLP
                                                 101 East Kennedy Blvd., Suite 2800
                                                 Tampa, FL 33602
                                                 Telephone: 813-229-7600

Dated: January 13, 2004                          *Attorneys for J.B. Oxford & Company*